**In the Interest of T.S.L., a Child.**

No. 2–04–154–CV.

Court of Appeals of Texas,
Fort Worth.

April 27, 2006.

Rehearing Overruled June 1, 2006.

Sinkin & Barretto, P.L.L.C., Steven A. Sinkin and Karen L. Marvel, San Antonio, George White, P.C., Irving, for appellant.

Tanette Fillmore & Associates, P.C., Tanette Fillmore, Fort Worth, for appellee.

PANEL B: CAYCE, C.J.; DAUPHINOT and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Stella Atwood appeals from the trial court's judgment awarding Appellee James R. Lawson, Jr. a refund of overpaid child support and attorney's fees. We are constrained to hold that the judgment is void because the trial court did not have exclusive, continuing jurisdiction of the case under section 155.104(b) of the Texas Family Code. We therefore vacate the trial court's judgment and dismiss the case.

Stella and James were divorced in 1965 in the 48th District Court. In 1979, James filed a motion to modify the decree in the 325th District Court. That court, on its own motion, signed an order dismissing the suit without prejudice but also suspending the payment of all child support pending the determination of the present status of the child. In the same order, the trial court ordered the child support office to refund the balance in the child support account if, by the end of September 1981, no determination had been made of a responsible adult entitled to receive child support.

On October 10, 2003, when T.S.L. was thirty-nine years old, Stella filed a motion to confirm the child support arrearage in the 233rd District Court. After the 233rd District Court confirmed the arrearage in a judgment, James filed a motion for new trial, attaching the order from the 325th District Court, which had apparently been misfiled by the Tarrant County District Clerk's office. The 233rd District Court then granted a new trial on its own motion.

After more than five months of additional proceedings, Stella objected to any further action by the 233rd District Court, contending that the 325th District Court had continuing, exclusive jurisdiction and moving to transfer venue to the 325th District Court. The 233rd District Court overruled Stella's objections, denied the motion to transfer venue, and ultimately issued a judgment granting James a judgment for overpaid child support and attorney's fees. Stella timely appealed.

In her first issue, Stella contends that the 233rd District Court did not have subject matter jurisdiction. Specifically, she contends that when notified that a request for the identification of the court of continuing, exclusive jurisdiction was pending,

the 233rd District Court had a duty to enter no further orders, except an order of dismissal, until the information from the bureau of vital statistics (BVS) was filed with the court. Section 155.103 of the Texas Family Code provides,

(a) A court shall have jurisdiction over a suit if it has been, correctly or incorrectly, informed by the [BVS] that the child has not been the subject of a suit and the petition states that no other court has continuing, exclusive jurisdiction over the child.

(b) If the [BVS] notifies the court that the bureau has furnished incorrect information regarding the existence of another court with continuing, exclusive jurisdiction before the rendition of a final order, the provisions of this chapter apply.[1]

Section 155.104 of the Texas Family Code provides,

(a) If a request for information from the [BVS] relating to the identity of the court having continuing, exclusive jurisdiction of the child has been made under this subchapter, a final order, except an order of dismissal, may not be rendered until the information is filed with the court.

(b) If a final order is rendered in the absence of the filing of the information from the [BVS], the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction.[2]

A plain reading of these sections shows that in cases where a petitioner or trial court requests the identification of the court of continuing, exclusive jurisdiction, the legislature has chosen the BVS, created at the legislature's direction by the Texas Department of Health, a legislative agency,[3] to determine whether a trial court has continuing, exclusive jurisdiction.

Stella's offer of proof at the February 6, 2004 hearing on her motion to identify the court of continuing, exclusive jurisdiction and plea to the jurisdiction included her February 5, 2004 request for information with the BVS. The 233rd District Court nevertheless rendered judgment in James's favor at the end of the hearing.[4] Additionally, the record shows that on March 1, 2004, after the trial court had rendered judgment but before it signed the final judgment,[5] Stella filed both her notice of filing a request for information with the BVS and the BVS's reply naming the 325th District Court as the court of continuing, exclusive jurisdiction. The trial court nevertheless signed the final judgment in James's favor on March 24, 2004. Accordingly, we hold that the trial court violated section 155.104(a) by rendering judgment in spite of its knowledge that Stella had filed a request with the BVS. We also hold that the BVS's determination that the 325th is the court of continuing jurisdiction in this case renders the trial court's judgment void under section 155.104(b). We therefore sustain Stella's first issue. Because this issue is dispositive, we do not reach her remaining issues.[6]

1. TEX. FAM.CODE ANN. § 155.103 (Vernon 2002).

2. *Id.* § 155.104.

3. *Id.* § 101.0021 (Vernon 2002); TEX. HEALTH & SAFETY CODE ANN. §§ 11.002, 191.002(b) (Vernon 2001).

4. *See S & A Rest. Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex.1976); *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969).

5. *See Leal,* 892 S.W.2d at 857; *Reese,* 534 S.W.2d at 330; *Dunn,* 439 S.W.2d at 832.

6. *See* TEX.R.APP. P. 47.1.

Having held the trial court's judgment void, we vacate the judgment and dismiss the case.