## IN the INTEREST OF C.G.

### NUMBER 13–14–00544–CV

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed February 4, 2016

Georganna L. Sampson, Law Offices of Georganna L. Sampson, Dallas, TX, for Appellee.

Bradford M. Condit, Attorney at Law, Corpus Christi, TX, for Appellant.

Before Chief Justice Valdez and Justices Rodriguez and Benavides

## OPINION

Opinion by Justice Benavides

In this appeal, we are asked to determine whether the trial court lacked subject-matter jurisdiction over this suit affecting parent-child relationship (SAPCR). Because we conclude that the trial court lacked jurisdiction, we affirm the trial court's order vacating its prior orders for want of jurisdiction.

## I. BACKGROUND

This case concerns the divorce proceedings of appellant Carla Arisano (formerly Carla Griffin) and appellee Chase Griffin, as well as related issues regarding the interests of the couple's minor child, C.G.[1] On June 30, 2010, Carla and Chase finalized their divorce in Sherman County. The final divorce decree named Carla and Chase joint-managing conservators, with Carla having the exclusive right to designate C.G.'s primary residence within a 100–mile radius of Dumas, Texas. On April 20, 2011, Chase filed in Sherman County: (1) a motion to modify the parent-child relationship; and (2) a motion to transfer the proceeding to Moore County, where Chase asserted that C.G. had lived for the preceding six months. On July 25, 2011, the Sherman County trial court transferred the matter to Moore County.

On April 17, 2012, Chase filed an amended petition to modify the parent-child relationship in Moore County, as well as an application for a protective order alleging that Carla and her boyfriend placed C.G. "in fear of imminent physical harm, bodily injury, assault, or sexual assault." On April 24, 2012, Carla filed a counter-petition to modify the parent-child relationship and motion for enforcement of various grounds of the June 30, 2010 final divorce decree. On May 29, 2012, the Moore County trial court denied Chase's application for protective order, continued Carla's counter-petition and motion for enforcement until final hearing, and issued various temporary orders related to C.G.'s interests.

On August 6, 2012, Chase filed another motion to transfer from Moore County to

---

1. We will utilize initials throughout this opinion in order to protect C.G.'s identity. *See, e.g.,* TEX. R. APP. P. 9.8 (protecting a minor's identity in parental-rights termination cases and juvenile court cases).

Randall County or Ellis County. In his motion, Chase asserted that Carla and C.G. had lived in Randall County "for more than a year," he lived in Ellis County, and that either county is a "county of proper venue and a closer county to all of the parties involved." On August 7, 2012, Chase filed an application for protective order in Ellis County, in which Chase indicated that C.G. was a resident of Nueces County. In the application, Chase further alleged that Carla and her boyfriend "engaged in conduct that [constituted] family violence." On August 7, 2012, the Ellis County trial court granted a temporary ex parte protective order to protect C.G.'s best interests and set the issue for a full hearing on August 17, 2012. On September 5, 2012, the Ellis County trial court granted a final protective order, which, among other things, prohibited Carla from removing C.G. from Chase's possession. On September 6, 2012, the Ellis County trial court granted an amended final protective order. On September 26, 2012, the Moore County trial court transferred venue to Nueces County.

On December 10, 2012, Chase filed his first amended petition to modify the parent-child relationship in Nueces County. Chase subsequently filed a motion to transfer venue to Ellis County, which was denied by the trial court on January 11, 2013. In a related order on February 4, 2013, the trial court denied Chase's objection to the trial court's jurisdiction. On March 12, 2013, Chase filed a notice of nonsuit in this proceeding, and the Nueces County trial court ordered the cause dismissed.

On March 13, 2013, Carla filed a motion to modify the trial court's order of dismissal issued the day before and asked for sanctions asserting that Chase's attorney failed to serve her counsel with a motion for nonsuit and falsely represented that Carla did not have affirmative pleadings on file with the Nueces County trial court. On March 21, 2013, the trial court modified its previous order of dismissal, reinstated Carla's claims, and denied Carla's motion for sanctions. On April 26, 2013, Carla filed a first amended petition to modify and petition for declaratory relief in this matter in Nueces County. In her pleading, Carla sought to *inter alia* modify the June 30, 2010 final divorce decree, as well as other issues affecting C.G.'s interests.

On November 26, 2013, the Nueces County trial court held a bench trial on Carla's first amended petition to modify and petition for declaratory relief. On January 7, 2014, the Nueces County trial court signed a final judgment in this matter with various rulings related to the interests of C.G. On January 8, 2014, Chase filed a motion to modify, correct, or reform final judgment, or in the alternative a motion for new trial. The trial court signed an amended final judgment on April 15, 2014. That same day, Carla filed a motion to reconsider and motion for new trial pursuant to rule of civil procedure 329b. *See* Tex. R. Civ. P. 329b. On July 7, 2014, the trial court determined that it lacked subject-matter jurisdiction in this case, granted a new trial on its own motion, and ordered the following orders vacated with no force or effect: (1) the January 11, 2013 order denying Chase's motion to transfer venue; (2) the February 4, 2013 order denying objection to the trial court's jurisdiction; (3) the notice of judgment and dismissal pursuant to Chase's nonsuit; (4) the November 5, 2013 order denying Chase's motion to transfer; (5) the January 7, 2014 final judgment; and (6) the April 15, 2014 first amended final judgment. The Nueces County trial court further ordered the Nueces County district clerk to copy and forward all of the pleadings in this matter in Nueces County to Moore County, absent the vacated orders.

On August 5, 2014, Carla filed a motion to reconsider pursuant to rule 329b. *See id.* On August 28, 2014, the trial court signed an amended order vacating all prior orders, which essentially reiterated the orders set forth in the July 7, 2014 order. This appeal followed.

## II. SUBJECT-MATTER JURISDICTION

By two issues, Carla asserts that the trial court erred by (1) denying her due process right to be heard on the issue of whether the trial court had subject-matter jurisdiction; and (2) determining that it did not have jurisdiction over this matter. Because we conclude that the trial court lacked subject-matter jurisdiction and such conclusion is dispositive, we will solely address Carla's second issue on appeal. *See* TEX. R. APP. P. 47.1; *see also In re Park Mem. Condo. Ass'n, Inc.*, 322 S.W.3d 447, 450 (Tex.App.–Houston [14th Dist.] 2010, no pet.) (orig.proceeding) (noting that "due process requires a full hearing before a court having jurisdiction, the opportunity to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence").

### A. Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex.2013) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). A court that acts without such power commits fundamental error that may be reviewed for the first time on appeal. *Id.* Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex.2012). A judgment is void if rendered by a court without subject-matter jurisdiction. *In re United Svcs. Auto*

*Ass'n*, 307 S.W.3d 299, 309–10 (Tex.2010) (orig.proceeding).

### B. Discussion

Carla argues that the Nueces County trial court acquired jurisdiction over this case when the Moore County trial court transferred venue to the Nueces County trial court because the jurisdiction of the transferring court terminates on the docketing of the case in the transferee court. *See* TEX. FAM. CODE ANN. § 155.005(b) ("The jurisdiction of the transferring court terminates on the docketing of the case in the transferee court."). Furthermore, Carla adopts the Austin Court of Appeals' viewpoint that concurrent, exclusive jurisdiction and the "statutory scheme surrounding that provision" under the family code reveals a design "to operate more in the nature of dominant jurisdiction or venue rather than true jurisdiction." *See Ramsey v. Ramsey*, 19 S.W.3d 548, 554 n. 7 (Tex.App.–Austin 2000, no pet.). Chase argues that the Moore County trial court acquired continuing exclusive jurisdiction through his timely motion filed on April 20, 2011 in Sherman County, which was eventually granted. Further, Chase contends that because neither he nor Carla filed a timely motion to transfer out of Moore County, any transfers out of Moore County to Nueces County were void and that continuing, exclusive jurisdiction remains in Moore County. In order to evaluate these arguments, we examine the family code's relevant statutory scheme and related case law.

"A court acquires continuing, exclusive jurisdiction over matters ... in connection with a child on the rendition of a final order." TEX. FAM. CODE ANN. § 155.001(a) (West, Westlaw through 2015 R.S.). "A court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title [of the fami-

ly code]." *Id.* § 155.002 (West, Westlaw through 2015 R.S.). "A court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child," absent exceptions not applicable to this case. *See id.* § 155.003 (West, Westlaw through 2015 R.S.). "If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child . . . ." *Id.* § 155.001(c).[2]

Transfers from courts of continuing, exclusive jurisdiction are governed by sections 155.201–.207. *See id.* § 155.201–.207 (West, Westlaw through 2015 R.S.). Relevant to this case, if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer. *Id.* §§ 155.201 (b). Section 155.204 states that

> a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

*Id.* § 155.204(b); *but see Id.* § 155.204(a) (allowing for a motion to transfer under section 155.201 (a) to be filed "at any time."). For convenience of the parties and witnesses and in the interest of justice, the court, "on the timely motion of a party," may transfer the proceeding to a proper court in another county in the state. *Id.* § 155.202(b).

The transfer procedures in the family code governing suits affecting the parent-child relationship are the exclusive mechanism for transferring the case or challenging venue and were designed to supplant the regular rules dealing with transfer of venue applicable in ordinary civil cases. *See Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983) (interpreting the predecessor transfer statutes of the family code); *Martinez v. Flores,* 820 S.W.2d 937, 938 (Tex.App.–Corpus Christi 1991, no writ) (orig.proceeding) (same); *see also In re Leder,* 263 S.W.3d 283, 286 (Tex.App.–Houston [1st Dist.] 2007, no pet.) (orig.proceeding) (same); *Kirby v. Chapman,* 917 S.W.2d 902, 907 (Tex.App.–Fort Worth 1996, no writ) (same). An untimely motion to transfer gives a trial court no authority to transfer a cause to another court. *See Alexander v. Russell,* 699 S.W.2d 209, 210 (Tex.1985) (holding that failure to follow the predecessor transfer statute's procedure was error and that the trial judge had no authority to transfer the cause).

Additionally, to the extent that the Austin Court of Appeals' holding in *Ramsey* interprets section 155.001 as being more akin to a dominant jurisdiction or a venue statute rather than a true jurisdictional statute, we respectfully disagree and decline to follow such interpretation. *See Ramsey,* 19 S.W.3d at 554 n. 7; *see also Jones v. Tex. Dep't of Fam. & Protective Svcs.,* 400 S.W.3d 173, 181 (Tex.App.–Austin 2013, no pet.) (discussing *Ramsey*). Instead, we join our other sister courts that hold that the continuing, exclusive jurisdiction statutory scheme is "truly jurisdictional"—that is, when one court has

---

**2.** Section 155.001(c) notes two exceptions under section 103.001(b) and Chapter 262 of the family code, which are not applicable to this case. *See* TEX. FAM. CODE ANN. § 155.001(c).

continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void. See *Celestine v. Dep't of Fam. & Protective Svcs.*, 321 S.W.3d 222, 229–30 (Tex.App.–Houston [1st Dist.] 2010, no pet.); *In re Aguilera*, 37 S.W.3d 43, 48–53 (Tex.App.–El Paso 2000, no pet.) (orig.proceeding).

The question in this case now turns to whether the Moore County trial court acted with authority by transferring this cause to Nueces County. See *Alexander*, 699 S.W.2d at 210.

In order for the motion to transfer to be considered timely, Chase needed to file his motion to transfer at the time his initial pleadings were filed in Moore County on April 17, 2012. See TEX. FAM. CODE ANN. § 155.204(b). However, Chase filed his first motion to transfer out of Moore County on August 6, 2012. Therefore, his motion was untimely, and the trial court acted without authority, if it transferred this cause pursuant to that motion. See *Alexander*, 699 S.W.2d at 210.[3] Thus, because the Moore County trial court did not have authority to transfer the case to Nueces County, it retained continuing, exclusive jurisdiction over this matter and any orders or judgments issued in Nueces County in the same matter were void. See *Celestine*, 321 S.W.3d at 229–30; *In re Aguilera*, 37 S.W.3d at 48–53. Simply put, the Nueces County trial court lacks jurisdiction in this matter because Moore County retained continuing, exclusive jurisdiction. Carla's second issue is overruled, which also disposes of her first issue. See TEX. R. APP. P. 47.4.

---

3. Carla could have filed her own motion to transfer the matters related to C.G. out of Moore County on or before the first Monday after the 20th day after the date of service of citation or notice of Chase's motion or before the commencement of the hearing, whichever was sooner. See Tex. Fam. Code Ann. § 155.204(b). Nothing in the record shows, however, that Carla filed her own motion to transfer to Nueces County or to any other county.

### III. CONCLUSION

We affirm the trial court's order vacating its prior orders and transferring this matter to Moore County.