**IN the INTEREST OF J.I.M., a Child**

No. 06–16–00080–CV

Court of Appeals of Texas,
Texarkana.

Submitted: February 27, 2017

Decided: March 9, 2017

Lew Dunn, Law Office of Lew Dunn, Longview, TX, for appellant.

Michael D. Becker, Office of General Counsel, Austin, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Mother [1] appeals a judgment entered by the Court at Law No. 2 of Gregg County (the CCL) that terminated her parental rights to her child, J.I.M. [2] Because we conclude that the CCL was without jurisdiction to enter the order terminating Mother's parental rights to J.I.M., we vacate the judgment and dismiss the case.

### I. The CCL's Judgment Was Entered Without Jurisdiction

#### A. The District Court Acquires Continuing, Exclusive Jurisdiction

In 2010, the 307th Judicial District Court of Gregg County, Texas (District Court), in cause number 2010–2179–DR, entered a judgment that established parentage and determined conservatorship issues with respect to J.I.M. On rendition of that final order determining parentage, the District Court "acquire[d] continuing, exclusive jurisdiction over the matters . . . in connection with the child." TEX. FAM. CODE ANN. § 155.001(a), (b)(2) (West Supp. 2016). Once a Texas court has acquired continuing, exclusive jurisdiction under Section 155.001, "no other court of this state has jurisdiction of a suit with regard to that child except as provided by [Chap-

---

1. To protect the identity of the child, we will not include the names of the parties in this opinion. See TEX. R. APP. P. 9.8.

2. Although the CCL's order also terminated Father's parental rights to J.I.M., Father is not a party to this appeal.

ter 155], Section 103.001(b), or Chapter 262." TEX. FAM. CODE ANN. § 155.001(c) (West Supp. 2016).

### B. The CCL's Chapter 262 Authority

Under Chapter 262, the Texas Department of Family and Protective Services (the Department) may, under certain circumstances, take emergency possession of children without prior notice and a hearing. TEX. FAM. CODE ANN. § 262.001 (West 2014). Even though one court may have continuing, exclusive jurisdiction under Chapter 155, a suit brought by a governmental entity requesting an order under Chapter 262 "may be filed in a court with jurisdiction to hear the suit in the county in which the child is found." TEX. FAM. CODE ANN. § 262.002 (West 2014). Chapter 262 authorizes a trial court to enter emergency orders and other temporary orders. TEX. FAM. CODE ANN. §§ 262.102–.103 (West Supp. 2016).

In 2015, the Department filed a petition in the CCL under Chapter 262, which also prayed for conservatorship of the child and sought to terminate Mother's and Father's parental rights to J.I.M. The CCL entered emergency temporary orders under its Chapter 262 authority. It then set for trial the Department's request to terminate Mother's and Father's parental rights to J.I.M.

### C. The CCL Exceeded Its Chapter 262 Authority

However, Chapter 262 did not authorize the entry of a final order in a suit affecting the parent-child relationship in this case. *See* TEX. FAM. CODE ANN. § 262.201 (West Supp. 2016) (stating that the result of a full adversary hearing under Chapter 262 is "an appropriate temporary order under Chapter 105"). In fact, as applicable to this case, Section 262.203 states, "On the motion of a party or the court's own motion, if applicable, the court that rendered the

temporary order shall in accordance with procedures provided by Chapter 155: (1) transfer the suit to the court of continuing, exclusive jurisdiction, if any." TEX. FAM. CODE ANN. § 262.203(a) (West Supp. 2016); *see S.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00518-CV, 2013 WL 150290, at *2 (Tex. App.–Austin Jan. 10, 2013, pet. denied) (mem. op.).

Under the Section labeled "Jurisdiction," the Department's original petition stated:

2.1  This Court has jurisdiction of the suit affecting the parent-child relationship and of the suit for protection of a child under Chapter 262, Texas Family Code, and Petitioner believes no other Court has continuing, exclusive jurisdiction over the child.

2.2.  In accordance with § 155.101(a), Texas Family Code, the Department will request that the Bureau of Vital Statistics identify the court that last had continuing, exclusive jurisdiction, or confirm that the children have not been the subjects of a suit resulting in a court of continuing jurisdiction.

2.3.  Information required by Section 152.209 of the Texas Family Code is provided in the affidavit attached to this petition.

The affidavit attached to the Department's petition averred, "The Court records reflect that the children have lived their lives in Gregg County, Texas, and each has been the subject of a suit affecting the parent-child relationship in Texas."

Section 2.2 of the Department's petition invoked Section 155.101 of the Texas Family Code, which states,

(a)  The petitioner or the court shall request from the vital statistics unit identification of the court that last had

continuing, exclusive jurisdiction of the child in a suit unless:

> (1) the petition alleges that no court has continuing, exclusive jurisdiction of the child and the issue is not disputed by the pleadings.

TEX. FAM. CODE ANN. § 155.101(a)(1) (West Supp. 2016). In this case, the Attorney General's Answer, filed on July 28, 2015, specifically informed the CCL that the District Court had entered the 2010 order determining parentage. While Section 2.1 of the Department's petition stated it believed no other court had continuing, exclusive jurisdiction, its supporting affidavit indicated that there could be another Texas court with continuing, exclusive jurisdiction over matters involving J.I.M. The Department's petition also cited Section 152.209 of the Texas Family Code, which establishes "a continuing duty to inform the court of any proceeding in this or any other state that could affect the current proceeding." TEX. FAM. CODE ANN. § 152.209(d) (West 2014).

In this case, the affidavit filed in support of the Department's petition, the Attorney General's answer, and the fact that the District Court's 2010 order was admitted as an exhibit at trial all put the CCL on notice that the District Court has continuing, exclusive jurisdiction over the matter involving J.I.M.

### D. The Department's Response to the Jurisdictional Issue

Because this Court was concerned about the effect of the District Court's 2010 order, we requested additional briefing from the parties on the question of whether the CCL was without jurisdiction to enter an order terminating parental rights to J.I.M. In its response, the Department admitted that (1) the 2010 order "appears to be a final order establishing continuing, exclusive jurisdiction over SAPCRs concerning J.I.M.," and (2) "[t]he trial court record does not contain any filed information from the vital statistics unit." Based on this information, we find that the CCL's judgment was void.

### II.  We Vacate the CCL's Order

Here, the District Court retained continuing, exclusive jurisdiction of the matter involving J.I.M. As a result, Section 262.203 required the CCL to transfer the suit to the District Court on "the court's own motion." TEX. FAM. CODE ANN. § 262.203(a). Simply put, the CCL lacked jurisdiction to enter the order terminating parental rights to J.I.M. *See In re T.J.H.*, No. 12-15-00062-CV, 2015 WL 6560623, at *2 (Tex. App.–Tyler Oct. 30, 2015, pet. filed) (finding that the County Court at Law of Nacogdoches County did not have jurisdiction to enter orders in a suit affecting parent-child relationship where the Nacogdoches district court had continuing, exclusive jurisdiction of the matter, even though the county court at law had concurrent jurisdiction with the district court in family law cases);[3] *In re T.S.L.*, 196 S.W.3d 233, 235 (Tex. App.–Fort Worth 2006, no pet.) (finding that a district court lacked jurisdiction to enter orders under Section 155 where another district court in the same county had continuing, exclusive jurisdiction); *In re Guardianship of C.G.*, No. 08-99-00001-CV, 2001 WL 46976, at *1 (Tex. App.–El Paso Jan. 18, 2001, no pet.) (not designated for publication) (finding that County Court at Law of Ector County erred in failing to transfer suit affecting parent child relationship to the 70th District Court in Ector County, which retained continuing, exclusive jurisdiction); *Hathorn v. Sivers*, 962 S.W.2d 284, 286

---

3. The County Court at Law of Gregg County has concurrent jurisdiction with district courts in family law cases. TEX. GOV'T CODE ANN. § 25.0942 (West Supp. 2016).

(Tex. App.–Houston [14th Dist.] 1998, no pet.) (finding that the transfer procedures in Chapter 155 and 262 of the Texas Family Code are the "only mechanism for the proper transfer of suits affecting the parent child relationship" and "negate the ability to transfer cases freely between courts in the same county").

Like several of our sister courts, we have concluded that "[t]he continuing, exclusive jurisdiction statutory scheme is 'truly jurisdictional'—that is, when one court has continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void." *In re D.W.*, No. 06-16-00076-CV, —— S.W.3d ——, ——, 2017 WL 510557, at *3 (Tex. App.–Texarkana Feb. 8, 2017, no pet. h.) (quoting *In re C.G.*, 495 S.W.3d 40, 44–45 (Tex. App.–Corpus Christi 2016, pet. denied)); *see Celestine v. Dep't of Fam. & Protective Servs.*, 321 S.W.3d 222, 229–30 (Tex. App.–Houston [1st Dist.] 2010, no pet.); *In re Aguilera*, 37 S.W.3d 43, 48–53 (Tex. App.–El Paso 2000, no pet.) (orig. proceeding). Accordingly, we conclude that the CCL's order terminating Mother's and Father's parental rights to J.I.M. was void because the district court had continuing, exclusive

jurisdiction at the time the order was entered.[4]

### III. Conclusion

We vacate the trial court's judgment and dismiss the case. *See* TEX. R. APP. P. 43.2(e).

---

4. The Department also pointed this Court to Section 155.104 of the Texas Family Code, which states that, "[i]f a final order is rendered in the absence of the filing of the information from the vital statistics unit, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction." TEX. FAM. CODE ANN. § 155.104 (West Supp. 2016). However, as the Supreme Court has explained,

> The distinction between void and voidable judgments is critical when the time for a direct attack has expired. Before then, the distinction is less significant because—whether the judgment is void or voidable—the result is the same: the judgment is vacated. We have described a judgment as void when "the court rendering judgment

had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act."

*PNS. Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (footnote omitted) (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)). "A direct attack—such as an appeal . . .—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id.* at 271. The present appeal is a direct attack on the trial court's judgment which was timely filed. Accordingly, regardless of "whether the judgment is void or voidable—the result is the same: the judgment is vacated." *Id.* at 272.