

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00019-CV

_____

IN THE INTEREST OF E.N., K.N., AND M.N., CHILDREN

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 85964

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After a bench trial, the County Court at Law of Lamar County, Texas (CCL), signed an order purporting to terminate the parental rights of Bob and Donna to their three children, E.N., K.N., and M.N.[1] The CCL found that Donna's rights were subject to termination pursuant to Section 161.001(b)(1), subsections (D), (E), (N), (O) and (P), while Bob's rights were subject to termination pursuant to subsections (D), (E), and (O). The trial court also found that termination of the rights of both parents was in the best interests of the children. TEX. FAM. CODE ANN. §§ 161.001(b)(1) (D), (E), (N), (O), (P), 161.001(b)(2) (West Supp. 2017). The Texas Department of Family and Protective Services (the Department) was appointed the permanent managing conservator of the children.

In separate appeals, Bob and Donna argue that the trial court lacked subject-matter jurisdiction to terminate their parental rights. We agree. Because the CCL was without jurisdiction to enter the order terminating the parental rights of Bob and Donna, we vacate the judgment and dismiss the case.

Earlier, in April 2016, in cause number 84853, the "Judge of the Lamar County Court at Law, presiding for the 62nd Judicial District Court" had entered a final decree of divorce, dissolving the marriage of Bob and Donna and appointing Donna the sole managing conservator and Bob the possessory conservator of the three minor children. In spite of the divorce, Donna

---

[1]To protect the children's privacy, we will refer to them by initials and the appellant mother and father by pseudonyms. *See* TEX. R. APP. P. 9.8(b).

and the children lived with Bob's parents in Lamar County, Texas, while Bob lived on the same property in a trailer.

On November 3, 2016, the Department was called to the home, because officers, in the course of arresting Bob for stealing an all-terrain vehicle, became suspicious that Bob and Donna were using methamphetamine. Donna and two of the children tested positive for methamphetamine. The Department had intervened with the couple twice in the past due to concerns that the children were being neglected and endangered by the parents' drug use. On November 8, 2016, the Department subsequently filed its original petition in cause number 85964 in the CCL seeking, in part, the termination of the parental rights of Bob and Donna to all three children.

On December 11, 2017, the Department filed a motion to consolidate the couple's prior divorce and custody case and the Department's termination case together in the CCL under the cause number 85964. The motion contained the case numbers and headings for both the district court case and the CCL action. The motion was granted and signed by the presiding judge of the CCL. The Department's termination case proceeded to bench trial before the CCL, where the trial court signed the order in question here. The Department was appointed the permanent managing conservator of the children.

Bob and Donna raise the same single issue on appeal. They argue that the CCL lacked subject-matter jurisdiction to terminate their parental rights.[2]

---

[2]Neither Bob nor Donna challenge the sufficiency of the evidence regarding the trial court's findings as to grounds for termination or best interests of the children.

3

Subject-matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). A court action without jurisdiction constitutes fundamental error that may be reviewed for the first time on appeal.[3] *Id*. Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). A judgment is void if rendered by a court without subject-matter jurisdiction. *In re United Svcs. Auto Ass'n*, 307 S.W.3d 299, 309–10 (Tex. 2010) (orig. proceeding).

Earlier, upon entry of the final order in Bob and Donna's divorce and custody action, the district court had acquired exclusive, continuing jurisdiction over Bob, Donna, their children, and the subject matter.[4] *See* TEX. FAM. CODE ANN. §155.001(a) (West Supp. 2017). Because the district court had this continuing, exclusive jurisdiction, "no other court of this state has jurisdiction of a suit with regard to [the children] except as provided by [Chapter 155], Section 103.001(b), or Chapter 262." TEX. FAM. CODE ANN. § 155.001(c) (West Supp. 2017). "[A]ny order or judgment issued by another court pertaining to the same matter is void." *In re C.G.*, 495 S.W.3d 40, 44–45 (Tex. App.—Corpus Christi 2016, pet. denied); *Celestine v. Dep't of Fam. & Protective Svcs.*, 321 S.W.3d 222, 229–30 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *In re Aguilera*, 37 S.W.3d 43, 48–53 (Tex. App.—El Paso 2000, orig. proceeding).

---

[3]The Department contends that Bob and Donna waived this point of error or consented to the jurisdiction of the CCL. However, subject-matter jurisdiction cannot be granted by consent or waived by the parties. *See Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010).

[4]The Department does not dispute that, at the time of the divorce and custody action, the district court acquired continuing, exclusive jurisdiction over the parties and this subject matter.

The Department argues that the CCL obtained jurisdiction to enter a final order in this case "when it consolidated the [termination] proceedings" with the prior divorce and custody action heard in the district court, because the consolidation was effectively a transfer from the district court to the CCL. We disagree. For the CCL to acquire jurisdiction to enter a termination order in this case, that jurisdiction had to be transferred *to* the CCL *from and by* the district court, because the district court had continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. §155.001(a), (c); *Celestine*, 321 S.W.3d at 229–30. The consolidation order was signed by the Honorable William "Bill" Harris, the presiding judge of the CCL, rather than the Honorable Will Biard of the district court. While these judges "may, in their discretion, exchange benches or districts from time to time," even in termination cases, the record must be clear that the signing judge is acting on behalf of the court with continuing exclusive jurisdiction. TEX. GOV'T CODE ANN. § 24.303(a) (West 2004), § 74.094(a) (West 2013); TEX. R. CIV. P. 330(e); *see Celestine*, 321 S.W.3d at 227; *In re Garza*, 981 S.W.2d 438, 441 (Tex. App.—San Antonio 1998, orig. proceeding).

Here, even if the consolidation order is liberally construed to be a transfer, it was void because nothing in the record indicates that Judge Harris signed the consolidation order while sitting for the district court.[5] *See Celestine*, 321 S.W.3d at 228–30. Therefore, we conclude that the CCL's order terminating the parental rights of Bob and Donna to E.N., K.N., and M.N. is void because the district court had continuing, exclusive jurisdiction at the time the order was entered.

---

[5]By contrast, the final order in the couple's divorce and custody action clearly states that the proceeding was heard by "the Judge of the Lamar County Court at Law, presiding for the 62nd Judicial District Court." That order is the act of the district court, not the CCL.

Accordingly, we vacate the trial court's judgment and dismiss the case.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        July 5, 2018
Date Decided:          July 12, 2018