**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Opinion filed October 25, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-18-00711-CV

---

### IN RE SUZANNE SONDRUP RON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-19071**

---

## OPINION

On August 14, 2018, relator Suzanne Sondrup Ron filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Suzanne asks this court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his August 3,

2018 order compelling certain parties and claims to arbitration (the Arbitration Order).

Suzanne argues that such order is void because under section 155.001 of the Texas Family Code, the 245th District Court (the Family Court), which issued her divorce decree, acquired continuing, exclusive jurisdiction over the matters which the trial court compelled to arbitration.

We agree with Suzanne that the Family Court has exclusive jurisdiction of two matters that affect the minor child—the residence and visitation of the child—and that the Arbitration Order is void to the extent that it compels arbitration of these matters. But we conclude that the trial court had jurisdiction to compel other matters (that do not affect the child) to arbitration. We therefore conditionally grant in part and deny in part the petition for writ of mandamus.

## FACTUAL AND PROCEDURAL BACKGROUND

Suzanne and Avi were married for more than 20 years and have three children. The youngest is still a minor.

Avi is a real estate investor who formed numerous business entities to acquire, hold, develop, operate, manage, and market real estate. Avi often manages these entities through general partnerships. Avi wholly owned some of these entities; others had additional outside investors. Many of Avi's ownership interests were community property with his then-wife, Suzanne.

As part of their pre-divorce tax and estate planning, Avi and Suzanne executed a partition agreement in 2012. This agreement partitioned some of these community-

2

held ownership interests into separate property. As part of this transaction, Avi and Suzanne formed a Trust. Avi settled the Trust by conveying his separate share of various partitioned assets. Suzanne is the primary beneficiary of the Trust; the children are additional beneficiaries. Suzanne was the trustee of the Trust, but the trustee is subject to removal by the trust protector.

Suzanne petitioned for divorce. On April 13, 2017, the 245th District Court of Harris County (the Family Court) signed a final decree of divorce in Cause No. 2014-4967 (the Divorce Decree). The Divorce Decree, among other things, (1) awarded Suzanne custody of the minor child and provided that the primary residence of the child shall be within Harris County, Texas, and certain counties in Northern California, (2) ordered Avi to pay Suzanne a $19 million equalization judgment, and (3) divided the parties' business interests. However, the Divorce Decree left the Rons' separated property interests intertwined. Avi, individually or through entities he owns and controls, is the general partner of many of the limited partnerships in which the Trust owns assets.

Avi appealed the Divorce Decree to our court to challenge the equalization judgment.

In March 2017, Suzanne filed the underlying suit individually and on behalf of the Trust (the Trust Suit). In that suit, Suzanne alleges that Avi stole money from entities managed by Avi but owned, in part, by Suzanne or the Trust.

Gary Stein, the trust protector, filed an affidavit signed on July 25, 2018, which states that he removed Suzanne as trustee of the Trust and appointed attorney

3

Murray Fogler as trustee in her stead. Avi and Suzanne agreed that Fogler would audit an entity of Suzanne's choosing. Suzanne chose to have Fogler audit 400 Durham, LP. Fogler engaged Angie Armstrong with Briggs & Veselka to perform the audit. The audit found no theft by Avi but found that (1) Suzanne had caused the Trust to "loan" her $1 million, (2) after being removed as trustee, Suzanne had caused the Trust to spend at least $49,000 on Suzanne's legal fees, and (3) Avi had overpaid the Trust by more than $1 million and was owed a refund.

Avi was a co-manager of a California limited liability company, Au Sommett, LLC. Avi sued his co-manager, John Schwartz, California (the Au Sommett Suit). Avi alleged that Suzanne had conspired with Schwartz to thwart Avi's rights in the company. Avi sought third-party discovery from Suzanne to obtain her records and communications with Schwartz. There was a lengthy discovery dispute in the United States District Court for the Southern District of Texas.

On October 17, 2017, the Rons participated in mediation with Alan Levin to attempt to resolve all their disputes. This mediation concluded with Avi and Suzanne signing a settlement agreement, which:

- reduced the equalization judgment to $8.5 million;

- provides that Avi will purchase certain ownership interests in limited partnerships and stocks owned by the Trust for "stipulated values";

- provides that "the parties agree to submit any dispute related to this Agreement to Alan Levin for binding arbitration"; and

- is signed by Suzanne, her attorney, Avi, and his attorney.

4

The settlement agreement provided a means for untangling Avi's and Suzanne's business interests. The settlement agreement required Avi to purchase—and Suzanne and the Trust to sell—various assets and entities to Avi at set prices according to a set schedule. The parties agreed to dismiss all pending lawsuits (including the appeal of the Divorce Decree, the Trust Suit, and the discovery dispute in the Au Sommett Suit) and to generally release each other from all past and future claims, including the million-dollar refund the Trust allegedly owed Avi. The settlement agreement contains two provisions affecting the minor child that modified the Divorce Decree, namely, that Suzanne will be permitted to live with the child anywhere in the continental United States, and that Avi's rights to visit the child will be determined by a forensic psychologist.

There were disputes between the parties related to the performance of the settlement agreement. Initially, both parties attempted to schedule arbitration of these disputes with Alan Levin, as provided for by the settlement agreement. Suzanne later stopped responding to scheduling inquiries. On June 5, 2018, Avi filed a motion to compel arbitration in the Family Court at 4:07 p.m. and a motion to compel arbitration in the trial court presiding over the Trust Suit at 4:18 p.m.

On June 12, 2018, Suzanne purported to resign as Trustee and to appoint Joshua Tillotson as her replacement. Also, on June 12, Suzanne filed suit in Utah, alleging that Stein had resigned as trust protector, and requested the Utah Court to appoint Robert Collins as the new trust protector. But according to Avi, Stein had only resigned effective upon Suzanne's and the Trust's complete performance of

5

their obligations under the settlement agreement; they had not fully performed, so Avi contends that Stein's resignation is not yet effective.

This court dismissed Avi's appeal of the Divorce Decree on June 21, 2018 because Avi did not file a brief.

On June 26, 2018, Suzanne filed a response to Avi's motion compel arbitration in the Family Court. Suzanne revoked her consent to the settlement agreement and argued that the settlement agreement is unenforceable because the settlement agreement allegedly was induced by fraud, is unconscionable, and does not comply with the Texas Family Code's requirements for a binding mediated settlement agreement.

On June 29, 2018, the Family Court heard Avi's motion to compel arbitration and concluded that it had no jurisdiction until a mandate issued from Avi's appeal. On August 17, 2018, Avi withdrew the motion to compel arbitration he had filed with the Family Court.

On July 13, 2018, Suzanne disclosed her alleged resignation as trustee of the Trust and appointment of Tillotson as trustee through a filing with the trial court. This disclosure did not disclose Suzanne's pending trust protector suit in the Utah court. Five days later, the Utah court granted Suzanne's ex parte request and named Collins as trust protector. On July 19, 2018, Tillotson filed suit asking the Utah court to declare that the Trust was not bound by the settlement agreement.

On July 26, 2018, Avi filed with the trial court an amended motion to compel arbitration and an application for temporary restraining order, asking the court to

6

enjoin Suzanne from proceeding with the suit in the Utah court. The trial court granted the temporary restraining order and ordered Suzanne to "provide all documents previously filed in any legal proceeding affecting the Trust . . . within twenty-four hours." Pursuant to that order, Suzanne finally provided a copy of the petition in the suit in the Utah court.

Suzanne filed a motion to abate Avi's amended motion to compel arbitration, arguing that the Family Court had exclusive jurisdiction of matters pertaining to the parent-child relationship, including provisions of the settlement agreement addressing the residence of the child and Avi's visitation rights. She also argued that certain provisions of the Texas Family Code require the Family Court to determine the settlement agreement's validity and enforceability before Suzanne may be ordered to arbitration.

On August 3, 2018, the trial court signed an order compelling Suzanne, the Trust, and Tillotson to arbitrate claims identified in the order (the Arbitration Order).

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig.

7

proceeding) (per curiam). We review the trial court's legal conclusions with limited deference. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Id*.

Mandamus relief is generally unavailable for orders compelling arbitration because the relator usually has an adequate remedy by appeal after final judgment. *See In re Gulf Expl., LLC*, 289 S.W.3d 836, 842–43 (Tex. 2009) (orig. proceeding) (but recognizing in certain circumstances that an appeal will not be an adequate remedy and, in such circumstances, mandamus relief is available).

However, when an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishnavi, Inc*., 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding); *In re Martinez*, 478 S.W.3d 123, 125 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). A judgment or order is void when it is apparent that the court rendering it had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990); *Leedy v. Leedy*, 399 S.W.3d 335, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a trial court lacks subject matter jurisdiction, its order compelling arbitration is void. *See City of Austin Firefighters' & Police Officers' Civil Serv. Comm'n v. Casady*, No. 03-17-00763-CV, 2018 WL 3321192, at *5 (Tex. App.—Austin July 6, 2018, no pet. h.) (mem. op.). Accordingly, to the extent that the Arbitration Order is void due to a lack of jurisdiction, Suzanne need not show that she lacks an adequate remedy by appeal.

8

## A. Exclusive Jurisdiction of the Family Court

Under section 155.001 of the Texas Family Code, "a court acquires continuing, exclusive jurisdiction over the matters provided for by this title [Title 5] in connection with a child on the rendition of a final order." Tex. Fam. Code § 155.001(a). And, "[i]f a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child …." *Id*. § 155.001(c).[1] This exclusive jurisdiction "only affects jurisdiction in matters covered by Title 5 of the Family Code, Parent-Child Relationship." *In re H.E.L.*, No. 10-04-00204-CV, 2005 WL 170644, at *1 (Tex. App.—Waco Jan. 26, 2005, orig. proceeding) (mem. op.). Other matters—including other titles of the Family Code—are not governed by this exclusive jurisdiction provision. *See id.* ("[Section 155.001(a)] does not affect jurisdiction of matters in Title 2, Child in Relation to the Family"). "When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage." *Fitzgerald v. Fitzgerald*, No. 14-12-00086-CV, 2013 WL 269040, at *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (mem. op.) (citing *Chalu v. Shamala*, 125 S.W.3d 737, 738 (Tex. App.—Houston [1st Dist.] 2003, no pet.)

---

[1] This statute is "'truly jurisdictional'—that is, when one court has continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void." *In re C.G.*, 495 S.W.3d 40, 44–45 (Tex. App.—Corpus Christi 2016, pet. denied); *see also In re J.I.M.*, 516 S.W.3d 674, 677 (Tex. App.—Texarkana 2017, orig. proceeding); *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 229–30 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *In re Aguilera*, 37 S.W.3d 43, 49–51 (Tex. App.—El Paso 2000, orig. proceeding).

("A trial court that enters a decree affecting the child retains continuing, exclusive jurisdiction over SAPCRs pertinent to that decree.")). Accordingly, the court issuing a divorce decree has continuing exclusive jurisdiction over matters in the divorce decree affecting a minor child and of suits affecting the parent-child relationship under Title 5 of the Family Code.

The Divorce Decree provided that the primary residence of the child shall be within Harris County, Texas, and certain counties in Northern California, and specified the parties' rights to possession of the child. The settlement agreement contains two provisions affecting the minor child that modified the Divorce Decree, namely:

- Suzanne Ron will be permitted to live with the minor child anywhere in the continental United States.

- Avi Ron's visitation rights will be determined by a forensic psychologist who will meet with and evaluate Avi Ron, Suzanne Ron, and the child. The evaluation and recommendation of visitation be made within the next 180 days. Until such a determination is made, Avi Ron will not have visitation rights.

The Arbitration Order compels arbitration of the following claims:

- Suzanne and the Trust's affirmative claims in this suit;

- All claims in the instant suit against Suzanne, the Trust, and Tillotson in this suit;

- **Avi's counterclaims for breach of the settlement agreement between Suzanne, the Trust and Avi**;

- Avi's claim for breach of the settlement agreement due to Suzanne's and the Trust's failure to convey assets as required by the settlement agreement;

10

- **Avi's claims for fraud and fraudulent inducement of the settlement agreement as set forth in Avi's Claim and Demand in Arbitration**;

- All claims by or against Suzanne, the Trust and Avi which are transactionally related to the claims pending before this Court and/or the settlement agreement;

- Claims by or against third party beneficiaries of the settlement agreement which are transactionally related to the claims pending before this Court and/or the settlement agreement; and

- All claims pending in the courts of Utah related to the enforceability of the settlement agreement against the Trust.

(emphasis added). The claims bolded above encompass two matters within the Family Court's exclusive jurisdiction.

First, Avi's Claim and Demand in Arbitration states claims for fraud and fraudulent inducement, seeks rescission of the settlement agreement, and requests arbitration of the issue of whether the settlement agreement is enforceable.[2] In her response to the amended motion to compel arbitration, Suzanne asserts that the settlement agreement is invalid and unenforceable because it allegedly was induced by fraud and is unconscionable, and it does not comply with the Family Code's requirements for a binding mediated settlement agreement.

As discussed above, a matter provided for by Title 5 of the Family Code over which the Family Court has exclusive jurisdiction under section 155.001(a) is

---

[2] Avi also sues for breach and enforcement of the settlement agreement, so his claim for rescission appears to be a request for alternative relief.

whether provisions in the settlement agreement that affect the child are binding or enforceable. Under section 153.00715 of the Family Code, the issue of whether the provisions in the settlement agreement affecting the child are valid and enforceable would have to be determined the Family Court and this issue would not be subject to arbitration.[3] Even if the Family Court determined that the provisions in the settlement agreement affecting the child are unenforceable, that would not necessarily mean that the entire settlement agreement is unenforceable.[4]

Second, the Arbitration Order compels arbitration of Avi's counterclaims for breach of the settlement agreement. Avi's Demand for Arbitration alleges that Suzanne breached the settlement agreement because she "has taken no steps to have the agreed psychological evaluation [to determine Avi's child-visitation rights] take

---

[3] Section 153.00715(a) of the Family Code provides:

If a party to a suit affecting the parent-child relationship opposes an application to compel arbitration or makes an application to stay arbitration and asserts that the contract containing the agreement to arbitrate is not valid or enforceable, notwithstanding any provision of the contract to the contrary, the court shall try the issue promptly and may order arbitration **only if the court determines that the contract containing the agreement to arbitrate is valid and enforceable** against the party seeking to avoid arbitration.

Tex. Fam. Code § 153.00715(a) (emphasis added). Avi argues that the statute's requirement that the court determine whether the contract is valid and enforceable before compelling arbitration is preempted by the Federal Arbitration Act. We do not decide this issue because it is not necessary to dispose of this mandamus proceeding.

[4] The settlement agreement provides that if any portion of this Agreement is not enforceable for any reason, the remainder shall be enforceable. *See City of San Antonio v. San Antonio Firefighters' Ass'n, Local 624*, 533 S.W.3d 527, 542 (Tex. App.—San Antonio 2017, pet. denied) (applying savings clause in the contract to determine the parties' intent to excise invalid provisions).

12

place," as required by the settlement agreement. Avi's Demand for Arbitration asserts a cause of action for breach of the settlement agreement. Avi's claim in arbitration regarding his child-visitation rights under the settlement agreement is a matter that affects the child of which the Family Court has exclusive jurisdiction under section 155.001(a).

On August 31, 2018, after withdrawing his first motion to compel arbitration, Avi filed a second motion to compel arbitration. Avi asked the Family Court to compel arbitration of "issues related residence and visitation [of the child]—including Suzanne's motion to modify the Divorce Decree." From the record it appears that Avi recognizes that the Family Court has jurisdiction of matters pertaining to the minor child's residence and Avi's visitation rights. The Arbitration Order is overbroad because it compels arbitration of claims related to these matters affecting the child.

Although some of the claims encompassed by the Arbitration Order are within the exclusive jurisdiction of the Family Court, the order is not entirely void. An order may be only partially void. For example, in *In re Powers*, 974 S.W.2d 867 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding), the trial court signed temporary orders increasing child support and granting visitation. Our court held that the part of the orders pertaining to visitation was void because the trial court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act to determine visitation matters. *Id*. at 869–70. But our court recognized that the trial court did have jurisdiction of the claim for an increase in child support. *Id*. at 870. Accordingly, our court only instructed the trial court to vacate the portion of the

13

temporary orders granting visitation; the remaining portions of the temporary orders remained in effect. *Id*. at 871.

Here, many of the claims that the trial court compelled to arbitration do not affect the child and therefore are not matters within the exclusive jurisdiction of the Family Court, and some of these claims pertain to matters of which the Family Court has no jurisdiction. For example, the Family Court does not have jurisdiction of the claims that Suzanne and the Trust have asserted in the underlying Trust Suit. Also, most of the provisions in the settlement agreement pertain to altering the Divorce Decree's equalization judgment and division of property, and the sale of certain assets to Avi. Because the Family Court's plenary power has expired, it no longer has jurisdiction to alter the division of property made in the Divorce Decree.[5] Accordingly, the trial court no longer has jurisdiction to compel claims related to these matters to arbitration. But the validity and enforceability of the child-residence and-visitation provisions of the settlement agreement and Avi's claims for breach of these provisions are within the exclusive jurisdiction of the Family Court.

## B. Argument that the Family Court has Dominant Jurisdiction

"The general common law rule in Texas is that the court in which **suit** is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transp., Inc*., 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

---

[5] *See* Tex. Fam. Code § 9.007(a); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). An order that amends, modifies, alters, or changes the divorce decree's property division is beyond the power of the court. *DeGroot v. DeGroot*, 260 S.W.3d 658, 663 (Tex. App.—Dallas 2008, no pet.).

14

When no exception applies to the first-filed rule, a trial court in the second-filed case abuses its discretion by denying a motion to abate. *Id*. at 298.

Suzanne alternatively argues that the Family Court has dominant jurisdiction over all the claims of the parties because Avi filed his motion to compel arbitration in the Family Court eleven minutes before he filed his motion to compel arbitration in the trial court.

Our court may not consider Suzanne's alternative argument that the Family Court has dominant jurisdiction because the record does not show that she presented it to the trial court.[6] Suzanne filed a motion to abate Avi's motion to compel arbitration, but that motion does not claim that the Family Court has dominant jurisdiction because Avi first filed his motion in the Family Court.

In any event, Suzanne's alternative argument lacks merit. Dominant jurisdiction pertains to the filing of lawsuits, not the filing of motions. Suzanne's Trust suit was filed in the trial court well before Avi filed his motion to compel arbitration in the Family Court. Further, on August 17, 2018, Avi withdrew the

---

[6] Arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). "It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus." *In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.) (quoting *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding)); *see also In re Jindal Saw Ltd.*, 264 S.W.3d 755, 767 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (concluding that arguments asserted in mandamus petition could not be considered because they were not first presented to trial court). This rule—that arguments must first be presented to the trial court—applies even to arguments that the trial court lacks subject matter jurisdiction. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam).

motion to compel arbitration that he had filed with the Family Court, which eliminated any potential issue regarding dominant jurisdiction.

## CONCLUSION

We conditionally grant the petition for writ of mandamus in part. We direct the trial court to vacate the part of its Arbitration Order that requires arbitration of the following two matters, which remain in the exclusive jurisdiction of the Family Court: (1) the validity and enforceability of the two provisions in the settlement agreement that affect the minor child (that Suzanne will be permitted to live with the minor child anywhere in the continental United States and Avi Ron's visitation rights will be determined by a forensic psychologist), and (2) Avi's claim against Suzanne for breach of the visitation rights provided for in the settlement agreement.

We deny the petition for writ of mandamus as to remaining parts of the Arbitration Order because they compel arbitration of matters that do not affect the child.

We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Christopher, Busby, and Brown.

16