Opinion by Justice Burgess
After L.S., S.V., and C.W. were removed from the care of their mother (Mother), the Texas Department of Family and Protective Services (the Department) filed in the 71st Judicial District Court of Harrison County, Texas, (1) a petition seeking protection of the children under Chapter 262 of the Texas Family Code, and (2) a petition seeking termination of Mother's parental rights to the three children. The Department also sought to terminate the parent-child relationship between the children and their respective fathers. Billy,[1] who was incarcerated at the time of the children's removal, is father only to L.S. As a result of the Department's petition, the trial court terminated Billy's parental rights to L.S. Billy appeals. Because we conclude that the trial court was without jurisdiction to enter the order terminating his parental rights, we vacate the trial court's judgment and dismiss the case.
In March 2010, the 307th Judicial District Court of Gregg County, Texas (the Gregg court), entered a final order in a suit affecting the parent-child relationship between Billy and L.S. Among other things, the Gregg court's order determined that Billy was L.S.'s father, appointed Billy as a joint managing conservator of the child, established a schedule for possession *738 and access to L.S., and ordered Billy to pay child support to Mother.
At that point, the Gregg court "acquire[d] continuing, exclusive jurisdiction over the matters ... in connection with [L.S.] on the rendition of [the] final order." TEX. FAM. CODE ANN . § 155.001(a) (West Supp. 2017). Section 155.001 confers jurisdiction "over the parties and subject matter of a suit affecting the parent-child relationship." In re G.A.J. , No. 01-12-00256-CV, 2012 WL 4857925, at *2 (Tex. App.-Houston [1st Dist.] Oct. 11, 2012, no pet.) (mem. op.); see Saavedra v. Schmidt , 96 S.W.3d 533, 541 (Tex. App.-Austin 2002, no pet.). Thus, once a Texas court has acquired continuing, exclusive jurisdiction under Section 155.001, "no other court of this state has jurisdiction of a suit with regard to [the children] except as provided by [Chapter 155], Section 103.001(b), or Chapter 262." TEX. FAM. CODE ANN . § 155.001(c) (West Supp. 2017).
Under Chapter 262, the Department may, under certain circumstances, take emergency possession of children without prior notice and a hearing. See TEX. FAM. CODE ANN . § 262.001 (West 2014). Even though one court may have continuing, exclusive jurisdiction under Chapter 155, a suit brought by a governmental entity requesting an order under Chapter 262 "may be filed in a court with jurisdiction to hear the suit in the county in which the child is found." TEX. FAM. CODE ANN . § 262.002 (West 2014). Chapter 262 authorizes a trial court to enter emergency orders and other temporary orders. TEX. FAM. CODE ANN . §§ 262.102 -.103 (West Supp. 2017).
On March 16, 2016, the Department filed a petition seeking protection of L.S., S.V., and C.W. under Chapter 262 of the Texas Family Code, along with a petition seeking termination of the parent-child relationship, in the 71st Judicial District Court of Harrison County, Texas (the Harrison court). With respect to L.S., the Department's petition stated, "Continuing jurisdiction over the children has been established in another Court, and a timely transfer will be sought."
On March 16, 2016, the Harrison court signed an emergency order for protection of the children and set March 23, 2016, as the date of the full adversary hearing. Following that hearing, the Harrison court entered temporary orders appointing the Department as temporary managing conservators for the children. Subsequently, the Harrison court also set a final trial date on the Department's petition to terminate Billy's parental rights to L.S.
However, nothing in Chapter 262 authorizes the entry of a final order in a suit affecting the parent-child relationship. See TEX. FAM. CODE ANN . § 262.201(h) (West Supp. 2017) (stating that the result of a full adversary hearing under Chapter 262 is "an appropriate temporary order under Chapter 105"). "[O]nce the Chapter 262 court issues a temporary order after a full adversary hearing, then the Department 'shall request identification of a court of continuing, exclusive jurisdiction as provided by Chapter 155.' " In re D.W. , 533 S.W.3d 460, 465 (Tex. App.-Texarkana 2017, pet. denied) (quoting TEX. FAM. CODE ANN . § 262.202 (emphasis added)). If "the Chapter 262 court determines the identity of a court of continuing, exclusive jurisdiction in response to that request, then under Section 262.203, the Chapter 262 court shall , '[o]n the motion of a party or the court's own motion, if applicable ... (1) transfer the suit to the court of continuing, exclusive jurisdiction, if any.' " Id. (quoting TEX. FAM. CODE ANN . § 262.203 (West Supp. 2016)). "Upon transfer of the Chapter 262 suit to the court of continuing, exclusive jurisdiction, the court of continuing, exclusive jurisdiction shall then proceed to hear the remainder of the suit and enter the *739 final orders under the provisions of Chapter 155." Id.
"Thus, as to emergency and temporary orders, the Chapter 262 court shares jurisdiction with the Chapter 155 court of continuing, exclusive jurisdiction, but not as to final orders." Id. "In order for the Chapter 262 court to acquire jurisdiction to enter a final order, the original case in the court of continuing, exclusive jurisdiction must be transferred to the Chapter 262 court." Id. "The transfer of cases from courts of continuing, exclusive jurisdiction is governed by Chapter 155, subchapter C." Id. (citing TEX. FAM. CODE ANN . §§ 155.201 -.207 (West 2014 & Supp. 2016) (entitled "Transfer of Continuing, Exclusive Jurisdiction")). "Those provisions hold that the court of continuing, exclusive jurisdiction shall decide all motions to transfer, not the court to which the transfer will be made." Id. (citing TEX. FAM. CODE ANN . § 155.201(a), § 155.206(a) (West 2015)).
"However, Chapter 262 creates a limited exception to the rule that the court of continuing, exclusive jurisdiction decides all transfer motions." Id. If a Chapter 262 court "determines that 'grounds exist for mandatory transfer from the court of continuing, exclusive jurisdiction under Section 155.201,' then the Chapter 262 court shall order transfer of the suit from that court of continuing, exclusive jurisdiction." Id. at 465-66 (quoting TEX. FAM. CODE ANN . § 262.203(a)(2) ). "Other than this narrow exception, the court of continuing, exclusive jurisdiction decides whether to transfer the case to another court, not the Chapter 262 court." Id. at 466.
During the course of the final hearing, the Harrison court was made aware that the Gregg court had previously entered final orders in a suit affecting the parent-child relationship between Billy and L.S. On request, the Harrison court took judicial notice of the Gregg court's file in cause number 2010-114-DR. See TEX. R. EVID . 201(b)(2). In response to Billy's appeal, the Department appropriately asked this Court to determine whether the Harrison court had jurisdiction to enter the order terminating Billy's parental rights.
Because our appellate record did not originally contain (1) the Gregg court orders referenced during the final hearing, (2) any order transferring jurisdiction to the Chapter 262 court, or (3) any information from which we could determine that grounds existed for a mandatory transfer, we previously abated this appeal for a limited evidentiary hearing. At the hearing, the Gregg court's final order was introduced as an exhibit, as well as another order entered by the Gregg court on October 30, 2013, which modified its prior support order after finding a material and substantial change in the parties' circumstances. A determination by the Texas Department of State Health Services that the Gregg court had continuing, exclusive jurisdiction was also admitted into evidence.[2] Further, no transfer orders were entered in this case, and the evidentiary hearing led the Harrison court to conclude that no *740 grounds for mandatory transfer of jurisdiction from the Gregg court existed.[3]
"[T]he continuing, exclusive jurisdiction statutory scheme is 'truly jurisdictional'-that is, when one court has continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void." In re C.G. , 495 S.W.3d 40, 44-45 (Tex. App.-Corpus Christi 2016, pet. denied) (citing Celestine v. Dep't of Fam. & Protective Svcs. , 321 S.W.3d 222, 229-30 (Tex. App.-Houston [1st Dist.] 2010, no pet.) ); In re Aguilera , 37 S.W.3d 43, 48-53 (Tex. App.-El Paso 2000, orig. proceeding). We conclude that the Harrison court's order terminating Billy's parental rights to L.S. is void because the Gregg court had continuing, exclusive jurisdiction at the time the order was entered. Accordingly, we vacate the trial court's judgment and dismiss the case. See TEX. R. APP. P. 43.2(e).

We use a pseudonym to protect the minor's identity. See Tex. R. App. P. 9.8(b)(2).

We note that a "court of this state loses its continuing, exclusive jurisdiction ... if ... another court assumed jurisdiction over a suit and rendered a final order based on incorrect information received from the vital statistics unit that there was no court of continuing, exclusive jurisdiction." Tex. Fam. Code Ann . § 155.004(a)(3) (West Supp. 2017). This was not such a case. First, the Department's petition, as well as testimony at the final hearing, indicated that another court had continuing, exclusive jurisdiction over a suit affecting the parent-child relationship between Billy and L.S. At the hearing following our abatement, the Child Protective Services caseworker testified that the Department never received any letter from the vital statistics unit with respect to L.S.

The Harrison court specifically concluded that "there is not a six[-]month period of time that [L.S.] had resided in Harrison County at the time that the petition was filed for the removal of the child from the family."