

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00090-CV

———————————————————

IN THE INTEREST OF R.F. AND S.F., CHILDREN

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 2009-50631-367

Before Kerr, Pittman, and Womack, JJ.
Memorandum Opinion by Justice Pittman

# MEMORANDUM OPINION

## I. Introduction

In two issues, pro se appellant Father appeals the trial court's order denying his motions to set aside a default judgment. We affirm.

## II. Background

Father and Mother divorced on March 10, 2011. Two years later, Father was held in criminal contempt by the trial court because he had violated one of the divorce decree's provisions, and the trial court assessed $7,500 in attorney's fees against Father.[1]

On October 17, 2017, Mother filed a petition to modify the parent-child relationship with regard to R.F. and S.F., and a hearing on temporary orders was set for December 20, 2017. Father did not answer.

On December 14, 2017, the Honorable Brody Shanklin, judge of the 211th Judicial District Court of Denton County, heard and granted Mother's request for a default judgment, finding in his order that Father, "although duly and properly cited, did not appear and wholly made default."

---

[1]The trial court's 2013 order in the parties' suit affecting parent-child relationship (SAPCR) modified the divorce decree's terms on possession of and access to the children and child support, appointed a parenting facilitator, ordered Mother and Father to complete a parallel parenting/conflict resolution course, ordered the children to participate in a minimum of 12 twice-monthly counseling sessions, and ordered Father to participate in a minimum of 12 counseling sessions at least twice monthly with a licensed psychologist or professional counselor specializing in marriage and family therapy and anger management.

Four days after Judge Shanklin signed the default judgment against him, Father filed a form pro se motion to set it aside. Line 5 of the form states, "The default judgment should be set aside due to: (Check box 5a or box 5b.)" Box 5a covers lack of notice. The person completing the form can indicate by checking a box that he "did not file an answer because [he] was not properly served with citation" or that he "filed an answer but did not appear at the hearing because [he] did not receive proper notice of the hearing." Under the two check box options in 5a, the person completing the form is asked to state specific facts that show how the failure to file an answer or failure to appear at the hearing was due to improper service or improper notice of the hearing. Father did not check any of the boxes under 5a or write in any explanation with regard to notice.[2]

Box 5b covers accident or mistake. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939) (stating that a default judgment should be set aside and a new trial ordered when (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference on his part but

---

[2]We note that to withstand a direct attack on a default judgment based on improper service, the party obtaining the default judgment has the burden to show that it strictly complied with the rules for service of citation. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *cf. Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 574 (Tex. 2006) (explaining that the critical question is why the defendant did not appear and that if the answer is "I got the suit papers but then . . . ," the default judgment should be set aside only if the defendant proves the three *Craddock* elements).

was due to accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed "at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff"). Father checked box 5b and indicated that he did not file an answer because of accident or mistake rather than intentional or conscious indifference, stating in the space provided on the form,

> I apologize for making a mistake in not filing a response to the court in 20 days. I thought signing for the document was the re[s]ponse that I would be at the hearing on December 20th 2017 at 1:30pm. I was fully prepared to present all my facts and evidence on that day. My former attorney . . . told me he was no longer handling family law cases and he did not tell me I needed to send a response to the court before the Dec. 20th hearing date. He had handled all such hearing requests for the many court hearings in the past. I thought I just had to prepare for Dec. 20th and didn't realize another hearing could be called if I didn't actual[ly] send in a written response. I apologize again for my mistake and would like a hearing to set aside the judgment in this matter.

The form expressly states, "If you checked 5b, you must also complete 5b(1)." 5b(1) states, "I have a meritorious (good) defense to this case: (*State specific facts.*)" *See id.* Father left this portion of the form blank.

Over 30 days after the trial court signed the default judgment, Father hired counsel who filed a "Motion for Leave of Court to File Supplemental Motion to Set Aside Default Judgment." In the motion, Father's counsel noted that the trial court had discretion to consider an untimely amended motion for new trial within its plenary power. To the motion, Father's counsel attached a "Supplemental Motion to

4

Set Aside Default Judgment" that complied with *Craddock*[3] and attached evidence in support of the motion.

Mother responded and filed special exceptions to Father's pro se motion and to his motion for leave of court to file supplemental motion to set aside default judgment, arguing that the supplemental motion was untimely, and complaining that Father's December 18, 2017 pro se motion should be denied. Mother attached emails between the court coordinator and the parties' attorneys, the September 15, 2017 letter from her counsel to Father about the modification order, a September 20, 2017 letter from an attorney representing Father, who declined her invitation to enter into the requested modification, and the record of the December 14, 2017 default judgment hearing.

The day after Mother specially excepted and responded, Father's counsel filed an "Amended Motion for Leave of Court to File Amended Motion to Set Aside Default Judgment," raising the same "meritorious defense" arguments set out in his earlier supplemental motion.

On February 22, 2018, the Honorable Jonathan Bailey, judge of the 431st Judicial District Court of Denton County, took judicial notice of the entire contents

---

[3]Father's counsel raised "meritorious defense" arguments in the supplemental motion but did not complain that the 211th court lacked jurisdiction to enter the default judgment. Father's counsel also stated that he was "willing to reimburse [Mother] for the cost of the default judgment . . . [and] further tender reasonable costs and expenses incurred by reason of this motion."

of the court's file and heard Father's "Motion to Set Aside Default Judgment" and "Amended Motion for Leave of Court to File Amended Motion to Set Aside Default Judgment." During the hearing, Father's attorney conceded that the trial court had to deny Father's timely filed pro se form motion in which he had failed to state his meritorious defense, and Judge Bailey accordingly denied the motion, stating, "I don't think there is any question the original motion to set aside was fundamentally and fatally flawed."

Father's attorney argued that if Father were allowed to proceed on his amended motion to set aside the default judgment, he "would have to present evidence pertaining to what transpired, what the meritorious defense is, et cetera." And Mother's attorney contended that she was not prepared for an evidentiary hearing. Judge Bailey acknowledged that "[a]rguments concerning whether the Court should grant leave to file an amended motion are certainly ripe." He also acknowledged that whether he should grant a new trial sua sponte was also ripe and indicated a willingness to hear argument on both issues.[4] Before the parties took a recess, Mother's attorney reminded Judge Bailey of the parties' history, stating,

> This is the same stuff that happened last time. It's all sanctionable activity. And I believe he was doing the same thing all over again, delay purposely, not doing it with any mistake or indifference, he knows better. I believe it was conscious, no matter who he brings in to testify.

---

[4]Mother's counsel informed Judge Bailey that he had let Judge Shanklin "know what was going on," and said that "there was a sign on the door that said all default prove-ups" were in Judge Shanklin's court that day.

Even if it comes out of his own mouth, I've seen it and heard it, and so has Your Honor. So I ask that it be denied. I ask that you not reconsider it and give leave. If you're going to, I ask that I receive attorney's fees and we then set a date and we will go to trial.

Father's attorney responded by presenting argument, but no evidence, asserting that Father was prepared to pay child support and the expense of obtaining the default judgment but not all of the expenses that had been incurred by Mother, and that she would discuss the outstanding attorney's fee sanction with Father "so that he does properly have clean hands."

After the recess, Father's counsel offered to pay the outstanding 2013 order of sanctions in the amount of $7,500 plus Mother's attorney's fees necessitated by his motion to set aside the default judgment in the amount of $3,000 if a new trial were granted. Mother's attorney responded that with interest, the sanctions were over $9,037.40 and the attorney's fees for the default judgment and new trial proceedings were over $3,500. Judge Bailey concluded the hearing by stating, "Okay. Motion is denied. Y'all are dismissed." On March 7, 2018, Judge Bailey signed an "Order on Motion to Set Aside Default Judgment" that denied Father's December 18, 2017 pro se motion, and he signed an "Order on Amended Motion for Leave of Court to File Amended Motion to Set Aside Default Judgment" that denied Father's February 16, 2018 amended motion for leave. Father then filed a pro se notice of appeal.

7

## III. Discussion

In his first issue, Father asks us to determine

> Whether the trial court erred in denying [Father] a child custody hearing in front of Honorable Judge Jonathan Bailey 431st District and denied a Motion to Set Aside Judgment after [Mother] unknowingly [sic] and without notice changed original jurisdiction to 211[th] District Court before Honorable Judge Brody Shanklin on December 14, 2017 before a known child custody hearing scheduled in the 431st District Court on December 20, 2017[5] to get a judgement [sic] without any evidence or testimony from [Father].

In his second issue, Father asks whether his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated when he was denied a child custody hearing in front of Judge Bailey.

We construe Father's issues as a complaint that the trial court denied his pro se motion and his amended motion for leave of court to file an amended motion to set aside the default judgment, as the record reflects that these were the trial court's two rulings. We overrule the remainder of his arguments because Judge Bailey, as the judge of the trial court with continuing, exclusive jurisdiction, considered these motions.[6]

---

[5]The record reflects that the December 20, 2017 hearing was a temporary orders hearing, not a final trial.

[6]This case does not involve the case's transfer from one court to another, and by denying Father's motions, Judge Bailey essentially ratified Judge Shanklin's default judgment for Mother. *Compare* Tex. Const. art. 5, § 11 ("And the District Judges may . . . hold courts for each other when they may deem it expedient."), *and* Tex. Gov't Code Ann. § 24.003(b)(2) (providing that a district judge may hear and determine any case or proceeding pending in another district court in the county

8

We review a trial court's denial of a motion for new trial for an abuse of discretion, and the trial court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987); *see Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). We likewise review for an abuse of discretion a trial court's ruling on other motions. *See, e.g., King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014) (stating that "[t]rial courts have 'inherent power to control the disposition of cases with economy of time and effort for itself, for counsel, and for litigants'" (quoting *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (internal quotation omitted))); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) ("When reviewing a trial court's order

---

without having the case transferred), (c) (providing that if a district judge in the county is sick or otherwise absent, another district judge in the county may hold court for the judge), *with In re S.H.*, No. 13-18-00240-CV, 2018 WL 4624720, at *1, *5 (Tex. App.—Corpus Christi–Edinburg Sept. 27, 2018, no pet.) (mem. op.) (declaring void the 343rd District Court of Bee County's 2017 order terminating father's parental rights under chapter 262 when the 36th District Court of Bee County had continuing, exclusive jurisdiction based on a 2004 SAPCR under chapter 155, there was no transfer order, and the exchange-of-benches doctrine did not apply), *In re L.S.*, 557 S.W.3d 736, 739–40 (Tex. App.—Texarkana 2018, no pet.) (holding, after abatement for an evidentiary hearing, that an order terminating father's parental rights to L.S. by a Harrison County court was void when a Gregg County court still had continuing, exclusive jurisdiction in matters connected with L.S.); *In re C.G.*, 495 S.W.3d 40, 44 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (discussing SAPCR transfers from one county to another under family code chapter 155); *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (stating that although the family code contains a unique provision giving a court continuing and exclusive jurisdiction over matters involving the welfare of a child upon the rendition of a final order in a SAPCR, "this does not preclude the application of the exchange-of-benches doctrine in such cases").

denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis."); *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (op. on reh'g) ("We review a trial court's ruling on a motion for leave to file a late summary-judgment response for an abuse of discretion."); *In re Allstate Vehicle & Prop. Ins. Co.*, 549 S.W.3d 881, 893 (Tex. App.—Fort Worth 2018, orig. proceeding) (holding that the trial court did not abuse its discretion by denying motion to compel appraisal based on trial court's inherent authority to control its own docket). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *see also Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

With regard to Father's pro se motion, the three-prong test set out in *Craddock* is the guiding rule that trial courts must follow to determine whether to grant a motion for new trial. *Cliff*, 724 S.W.2d at 779. "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Dolgencorp of Tex., Inc.*, 288 S.W.3d at 926.

Based on the *Craddock* test, the trial court did not abuse its discretion by denying Father's pro se motion for new trial because Father failed to set forth a meritorious defense, one of the required elements.[7] *See Craddock*, 133 S.W.2d at 126;

---

[7]Father also did not assert in his pro se motion that he had received no notice of the default judgment hearing, although he complains of that fact on appeal. When

*see also Dolgencorp of Tex., Inc.,* 288 S.W.3d at 926. We overrule this portion of Father's two issues.

Further, the record does not reflect that Judge Bailey abused his discretion by denying Father's motion for leave to file the amended motion to set aside default judgment because the amended motion was untimely, *see* Tex. R. Civ. P. 329b(b),[8] and Judge Bailey was already familiar with the parties' history and behavior, including—as he termed it—the "competing equities." *See* Tex. R. Civ. P. 320 (stating that new trials may be granted for good cause "on the court's own motion on such terms as the court shall direct"). He took judicial notice of the entire contents of the court's file, and both parties acknowledged that Father still owed payment on an outstanding

---

a party who has answered receives no notice of a trial setting, he satisfies the first prong of *Craddock* and need not meet the remaining two. *C.H. v. S.L.,* No. 02-16-00386-CV, 2018 WL 4925318, at *8 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (mem. op.). But a defendant who does not file an answer or who has not otherwise appeared in the case is not entitled to notice of a default judgment proceeding. Tex. R. Civ. P. 239; *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 512 (Tex. App.—El Paso 2013, no pet.).

[8]Under rule of civil procedure 329b(b), one or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the judgment or other order complained of is signed. Tex. R. Civ. P. 329b(b). The default judgment was signed on December 14, 2017, and Father timely filed his pro se motion for new trial on December 18, 2017. However, his attorney did not seek permission to file a supplemental motion until February 9, 2018, 57 days after the judgment was signed.

sanction for his conduct in 2013.[9] And he lectured Mother's counsel about taking the default judgment, stating, "Let me be blunt, counsel. There is nothing improper about what you did. It is perfectly permissible to do what you did. But I do agree it is underhanded." The record accordingly reflects that Judge Bailey did not act arbitrarily and unreasonably or without reference to guiding principles but rather considered everything before him before denying the motion for leave to file the amended motion.[10] *See Iliff*, 339 S.W.3d at 78; *Low*, 221 S.W.3d at 614. Accordingly, we overrule the remainder of Father's two issues.

## IV. Conclusion

Having overruled both of Father's issues, we affirm the trial court's judgment.

/s/ Mark Pittman
Mark Pittman
Justice

Delivered: June 13, 2019

---

[9]Father contends in his brief that he subsequently paid Mother's attorney the attorney's fees assessed in the 2013 sanction, but we are confined to the record before us.

[10]The supreme court has recited that while a court may look to an untimely motion or amended motion for new trial for guidance in the exercise of its inherent power, "'if the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion.'" *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (quoting *Kalteyer v. Sneed*, 837 S.W.2d 848, 851 (Tex. App.—Austin 1992, no writ) (citing 4 Roy W. McDonald, *Texas Civil Practice in District and County Courts,* § 18.06.02, at 287 (Frank W. Elliott ed., rev. ed. 1984))).